# In the United States Court of Federal Claims

Case No. 16-477C
(E-Filed March 10, 2017)

|  |  |  |
|---|---|---|
| MISSISSIPPI COUNTY, MISSOURI, | ) ) ) ) |  |
| Plaintiff, | ) ) | Takings; Motion to Dismiss, RCFC 12(b)(6) |
| v. | ) ) |  |
| THE UNITED STATES, | ) ) ) |  |
| Defendant. | ) ) |  |

John W. Grimm, Cape Girardeau, MO, for plaintiff.

Carter F. Thurman, United States Department of Justice, with whom were John C. Cruden, Assistant Attorney General, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, Chief Judge

Before the court is defendant's motion to dismiss plaintiff's amended complaint. See ECF No. 10.  For the following reasons, the court finds that plaintiff's amended complaint does not sufficiently allege a taking.  As such, defendant's motion is **GRANTED**.

I.     Background

Plaintiff Mississippi County is located in the state of Missouri.  See ECF 8-1 at 1. The Birds Point Levee is located on the Mississippi River, in Mississippi County.  See id. In May 2011, the United States Army Corps of Engineers (USACE), used explosives to intentionally breach the levee, and later undertook efforts to repair it.  See id.  While performing the repair work, USACE transported truckloads of clay and sand over various roads owned and maintained by Mississippi County.  See id.  Plaintiff alleges that the roads used by the USACE were not intended for the heavy loads involved in the levee repair work, and that USACE failed to take appropriate steps to prevent damage to the roads.  See id. at 2.  USACE allegedly caused significant damage to the roads including "large crevasses," "huge depressions," "large ruts," and "disintegration" of certain

portions. See id. While plaintiff has taken steps to mitigate the damage, it now claims that defendant's actions constituted a taking of the roadways, and it seeks compensation under the Takings Clause of the Fifth Amendment to the United States Constitution. See id. at 3.

II. Legal Standards

Defendant denies that it took plaintiff's property, and has moved the court to dismiss the amended complaint under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), on the basis that it fails to state a claim upon which relief could be granted. See ECF No. 10. A complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002). To survive a motion to dismiss, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, "[i]n ruling on a RCFC 12(b)(6) motion to dismiss, the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to plaintiff." Bristol Bay Area Health Corp. v. United States, 110 Fed. Cl. 251, 259 (2013) (citing Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991).

III. Analysis

Plaintiff claims that the USACE effected a taking of its property, pursuant to the Fifth Amendment, when it damaged the county's roads in the process of transporting heavy loads of clay and sand away from Birds Point Levee. ECF No. 8-1. The Takings Clause of the Fifth Amendment provides: "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V, cl. 4. The Federal Circuit employs a two-part test in evaluating takings claims: (1) plaintiff must possess a "cognizable property interest in the subject of the alleged taking," and (2) plaintiff must show that the government's actions constituted a taking of that property interest. Adams v. United States, 391 F.3d 1212, 1218 (Fed. Cir. 2004).

A physical taking, such as the one alleged by plaintiff, occurs through "a direct government appropriation or physical invasion of private property." Lingle v. Chevron U.S.A., Inc., 544 U.S. 528, 537 (2005). As the Federal Circuit has noted "[t]he size and scope of a physical invasion is immaterial to the analysis; even if the government only appropriates a tiny slice of a person's holdings, a taking has occurred, and the owner must be provided just compensation." Casitas Mun. Water Dist. v. United States, 543 F.3d 1276, 1288 (Fed. Cir. 2008) (citing Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 535 U.S. 302, 322).

As an initial matter, the court holds that plaintiff has a cognizable property interest in the roads it claims were damaged. Plaintiff alleges that "[t]he roads at issue include

but are not limited to Mississippi County roads 301, 302, 304, 307, and 340." ECF 8-1 at 1.  The Court of Claims held, in Sarpy County v. United States, that "the appropriate governmental unit, such as a county, having the responsibility of constructing, maintaining or preserving the highways, has a sufficient property interest to maintain an action when one of its highways is taken."  386 F.2d 453, 457 (Ct. Cl. 1967).  Here, plaintiff alleges that it owns and maintains the roadways at issue.  See ECF No. 8-1 at 1.

Plaintiff's argument, however, falters on the second part of the analysis.  In support of its position, plaintiff quotes the seminal takings case, Loretto v. Teleprompter Manhattan CATV Corp.: "[W]here real estate is actually invaded by superinduced additions of water, earth, sand or other material, or by having any artificial structure placed on it, so as to effectually destroy or impair its usefulness, it is a taking, within the meaning of the Constitution."  458 U.S. 419, 427 (1982) (citing Pumpelly v. Green Bay Co., 13 Wall (80 U.S.) 166 (1871)).  In reference to this precept of takings law, plaintiff states:  "This is exactly what Mississippi County alleges, except that it is the tires of the trucks carrying the earth, sand and other material that damaged Mississippi County's roads, and not the material itself."  ECF No. 11 at 6.

At this stage of the litigation, the court accepts, as true, that the USACE's trucks "caused large crevasses," "huge depressions," and "large ruts," in the roadways, and in some cases, "disintegration of portions of" the roadways.  ECF No. 8-1 at 2.  But these allegations are insufficient to state a cause of action for a physical taking for two independent reasons.  First, plaintiff's theory that the "tires of the trucks carrying the earth, sand and other material" constituted an invasion is unconvincing.  ECF No. 11 at 6.  It is undisputed that the roadways at issue were open to the public.  See ECF No. 8-1 at 2.  Therefore, the presence of USACE's truck tires on the road was simply not an unlawful or unwarranted "invasion."

In addition, although plaintiff has alleged damage to its roadways, it has not alleged that the crevasses, depressions, or ruts caused by USACE's trucks have "effectively destroy[ed] or impair[ed]" the usefulness of the roadways.  Loretto, 458 U.S. 427.  Plaintiff alleges that it has worked to temporarily mitigate the damage, see ECF No. 8-1 at 3, but does not allege, for example, that the county was forced to re-route traffic or that traffic flow was in any way impacted by the damage.  In fact, plaintiff's allegation that it has "undertaken measures to try and keep the County Roads passable," suggests that the roads were never impassable.  ECF No. 8-1 at 3.  As such, the court finds that plaintiff's allegations do not rise to the level required to state a claim for a taking.

The court notes that its ruling does not bear on the issue of whether defendant may or may not be liable for the damage allegedly caused by USACE on a theory sounding in tort.  To the extent any such claim exists, however, it is beyond the limited jurisdictional reach of this court.  See 28 U.S.C. § 1491(a)(1) (establishing the boundaries of this court's jurisdiction, and specifically excluding cases sounding in tort).

IV.     Conclusion

For the foregoing reasons, defendant's motion to dismiss is **GRANTED**, and the clerk's office is directed to enter judgment accordingly.

IT IS SO ORDERED.

 s/ Patricia Campbell-Smith
PATRICIA CAMPBELL-SMITH
Chief Judge